# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF THE SPECIAL MASTERS

No. 12-838V
Filed: September 2, 2014
(Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DONALD BEST, *as Sole Heir of the* *Estate of Ellen Best,* <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Stipulation; Flu Vaccine; GBS |

* * * * * * * * * * * * * * * * * * * * * * * *

*Anne Toale, Esq.,* Maglio Christopher and Toale, Sarasota, Fl for petitioner.
*Lara Englund, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION ON JOINT STIPULATION[1]

**Gowen,** Special Master:

Ellen Best [Ms. Best] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on December 6, 2012. Upon her death, her husband Donald Best [petitioner] was substituted as petitioner herein. Petitioner alleges that the flu vaccine Ms. Best received on or about October 4, 2010 caused Ms. Best to develop Guillain-Barre Syndrome [GBS]. *See* Stipulation, filed September 2, 2014, at ¶¶ 2, 4. Further, petitioner alleges that Ms. Best experienced residual effects of her injury for more than six months. *Id.* at ¶ 4. Respondent denies that the flu vaccine is the cause of Ms. Best's alleged GBS, or any other injury or her subsequent death. *Id.* at ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Nevertheless, the parties have agreed to settle the case. On September 2, 2014, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to pay petitioner:

**(a) A lump sum of $7,500.00 in the form of a check payable to petitioner, Donald Best, as Ms. Best's surviving spouse and sole heir. This amount represents compensation for all damages that would be available under § 300aa-15(a).**

The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                        <u>s/ Thomas L. Gowen</u>
                                        **Thomas L. Gowen**
                                        Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DONALD D. BEST, as sole heir of the estate of ELLEN BEST, deceased,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 12-838V<br>Special Master Thomas L. Gowen<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Ellen Best ("Ms. Best") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Upon her death, her husband Donald D. Best ("petitioner") was substituted as petitioner herein. The petition seeks compensation for injuries allegedly related to Ms. Best's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Ms. Best received a flu vaccine on or about October 4, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused Ms. Best to develop Guillain-Barre Syndrome ("GBS") and that she experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of Ms. Best's condition or her death.

6. Respondent denies that the flu vaccine is the cause of Ms. Best's alleged GBS or any other injury or her subsequent death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $7,500.00 in the form of a check payable to petitioner as Ms. Best's surviving spouse and sole heir. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represents that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he is the sole heir and surviving spouse of Ms. Best. Petitioner represents that the value of Ms. Best's estate does not exceed $50,000.00 and that no personal representative has been named to represent Ms. Best's estate. Petitioner has provided respondent an affidavit pursuant to New Mexico Statute § 45-3-1201 that authorizes him to act as Ms. Best's successor, and represents that, according to New Mexico Statute § 45-3-1202, payment of funds pursuant to this affidavit discharges and releases respondent to the same extent as if petitioner were the personal representative of Ms. Best's estate.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as legal representative of Ms. Best's estate, on behalf of himself, the estate of Ms. Best, and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Best resulting from, or alleged to have resulted from, the influenza vaccination administered on October 4, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about December 6, 2012, in the United States Court of Federal Claims as petition No. 12-836V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused Ms. Best's alleged GBS, or any other injury, or her subsequent death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the estate of Ms. Best.

END OF STIPULATION

/

/

/

/

/

/

Respectfully submitted,

**PETITIONER:**

*/s/ Donald D. Best*

DONALD D. BEST

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Anne Carrion Toale*

ANNE CARRION TOALE
MAGLIO, CHRISTOPHER & TOALE, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(941) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Vincent J. Matanoski*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*/s/ A. Melissa Houston*

A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Acting Director, Division of
Vaccine Injury Compensation
Acting Director, Countermeasures Injury
Compensation Program
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Lara A. Englund*

LARA A. ENGLUND
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-3013

Dated: 9/2/14